**LAW OFFICES OF MARC J. WODIN**
Marc J. Wodin, Esq. - SBN 79573
21600 Oxnard Street, Suite 1110
Woodland Hills, California 91367
Telephone (818) 595-3490
Fax (818) 595-3494

Attorneys for Defendant CONSECO HEALTH INSURANCE COMPANY

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA D. PARATLEY, | CASE NO. C-05-4312 (MMC) |
| Plaintiff, | [San Francisco County Superior Court Case No. 05-445379] |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| CONSECO HEALTH INSURANCE COMPANY and DOES 1 through 10, inclusive, | Assigned to: The Honorable Maxine M. Chesney |
| Defendants. | |

This Stipulated Protective Order is hereby entered into between the parties and their attorneys in this action.  The purpose of this Stipulated Protective Order is to protect against disclosure of confidential and/or proprietary information that is set forth below.

GOOD CAUSE STATEMENT

This is an action brought by an insured against an insurer arising from the denial of a claim for benefits under an insurance policy. Plaintiff Anita D. Paratley "Plaintiff") is seeking the claims manual of defendant Conseco Health Insurance Company ("Defendant") which contains information which is

private, confidential and trade secret as defined under
California <u>Civil Code</u> §3426.1, which definition is incorporated
herein by reference.

Defendant utilizes a number of computer operating systems,
including systems which are inter-related in various respects.
Defendant's claim processing includes the use of a computer
operating system. This system was specifically designed and
created for use by defendant, and its claims personnel, who are
specially trained in its use.

Defendant has a claims manual which was designed and created
for the use of defendant's personnel in conjunction with this
computer operating system. It contains numerous references to the
system and components thereof.  It contains operational
information, codes, and links.

The manual contains information concerning defendant's
computer operating systems, and claim processing, which could be
of interest to third parties, including defendant's competitors,
and others, and might be used by such third parties, in ways
which could damage and injure defendant in the conduct of its
business.

The manual was designed and created for the sole use of
defendant and was not intended to be disclosed to third parties.
Disclosure of the manual, or information contained therein, to
third parties, absent a protective order, could be severely
prejudicial to defendant.

Further, plaintiff intends to notice the depositions of
defendant's personnel and will or may be questioning such
personnel about the claims manual, information contained therein,

1   information related thereto, which is  private, confidential and

2   trade secret, as defined under California <u>Civil Code</u> §3426.1.

3   Further, plaintiff may serve additional written discovery,

4   including interrogatories, documents requests, and admissions, in

5   which she will or may be questioning defendant about the claims

6   manual, information contained therein, and information related

7   thereto, which is private, confidential and trade secret, as

8   defined under California <u>Civil Code</u> §3426.1.  It is reasonably

9   necessary that such documents, testimony and discovery responses

10  be protected from disclosure, except as set forth in this

11  Stipulated Protective Order.

12       The parties hereby stipulate to the following protective

13  order:

14       1.   The following procedures shall be employed and the

15  following terms, conditions and restrictions shall govern with

16  respect to the claims manual produced by defendant Conseco Health

17  Insurance Company ("Defendant") which contains information which

18  is private, confidential and trade secret as defined under

19  California <u>Civil Code</u> §3426.1, including all writings and

20  information contained therein, (as broadly defined in Federal

21  Rules of Evidence, Rule 1001) and all deposition testimony,

22  deposition exhibits, interrogatories, documents requests, and

23  admissions relating to the claims manual (the "Discovery

24  Material").

25

26       2.   The parties agree that persons employed by the United

27  States District Courts in California have no duty to the parties

28  to protect or maintain the alleged confidentiality of any

Law Offices
Marc J. Wodin

STIPULATED PROTECTIVE ORDER

1   information in any papers filed with the Court.

2

3       3.   All Discovery Material, which a producing party or

4   producing third party believes in good faith to be and is, in

5   fact, entitled to protection from public disclosure under

6   governing law, shall be designated as "CONFIDENTIAL" at the time

7   of production (hereinafter "Confidential Material") except as

8   otherwise provided herein.

9

10      4.   Discovery Material may be designated as Confidential

11  Material as follows:

12          A.   Documents shall be designated as confidential by

13          being stamped or marked CONFIDENTIAL.  Multi-paged documents

14          can be designated CONFIDENTIAL by stamping or marking the

15          first page only of such document.

16          B.   Depositions may be designated CONFIDENTIAL by

17          stamping or marking the face sheet of the transcript (or

18          marking on a videotape) accordingly.

19          C.   For applications and motions to the Court in which

20          a party seeks to submit Confidential Material, the entire

21          original application or motion and judges copy containing

22          the confidential material shall be filed with the Court in

23          separate sealed envelopes or other appropriately sealed

24          containers on which shall be endorsed the title of the

25          action to which it pertains, an indication of the nature of

26          the contents of the sealed envelope or other container, the

27          word "CONFIDENTIAL" and a statement substantially in the

28          form:

1

> This envelope is sealed pursuant to order of
> the Court, contains confidential information,
> and is not to be opened or the contents
> revealed except by order of the Court.

2

3

4      A proposed order shall also be presented to the judge

5   along with the Confidential material submitted for filing under

6   seal.

7            D.   Any Court hearing which refers to or describes

8       Confidential Material shall in the Court's discretion be <u>in</u>

9       <u>camera.</u>

10           E.   Notwithstanding the above, any party may apply to

11      the Court allowing the filing of papers containing

12      Confidential Material, if that party believes the filing of

13      the papers is necessary for a complete record.  Any such

14      papers shall be presented to the Court by the submitting

15      party in accordance with "4(C)" above.  Any papers

16      containing Confidential Material shall be returned to the

17      submitting party upon dismissal or final judgment in the

18      action.

19           F.   Any party may designate as CONFIDENTIAL any

20      Discovery Material produced by a third party, if that party

21      believes in good faith that such Discovery Material is

22      entitled to protection from disclosure under the terms of

23      this Order, as though it had been produced by a party to

24      this action.  Such designation shall be made by giving

25      written notice to all parties, and the producing party,

26      within 30 days after the date of production of the Discovery

27      Material to be so designated.

28

5.   Confidential Material, the information contained therein, and any summaries, copies, or abstracts of that information shall not be disclosed for any purpose other than the prosecution, defense, or settlement of this action and shall not be disclosed or made available to anyone other than "qualified persons" as defined below.

6.   "Qualified persons" are:

A.  the Court, including judicial employees and other necessary personnel such as court reporters;

B.  the parties;

C.  jurors at trial;

D.  trial witnesses or deponents, their attorneys, if any;

E.  court reporters, transcribers, notary publics, or stenographers;

F.  the attorneys of record for a party, any attorneys of record for a party, any attorney of a law firm designated as attorneys of record for a party, in-house attorneys of a party, and the necessary paralegal, clerical, and secretarial staff employed by such counsel in this action;

G.  designated experts and/or consultants retained by any party and/or their counsel solely for the purpose of discovery in this litigation or assisting in the preparation of this litigation for trial;

H.  expert witnesses at any deposition or other hearing in this action;

I.  any authors or identified original recipients of

1    the Confidential Material; and

2          J.  any other persons as to whom the parties in writing

3    agree, or as may be designated by order of the Court after

4    reasonable notice to the parties.

5

6    7.   Only the attorneys of record for the parties in the

7    above-captioned lawsuit may authorize copies to be made of the

8    Confidential Material.  All Qualified persons shall be subject to

9    this order enjoining them from disclosing the Confidential

10   Material to any person, except in conformity with this Order.

11

12   8.   Under no circumstances shall any party provide the

13   Confidential Matter to any competitor of defendant, unless the

14   defendant's written authorization is first obtained.

15

16   9.   All witnesses, including expert witnesses, and/or

17   consultants to whom a party desires to disclose Confidential

18   Material, other than authors or identified original recipients,

19   must sign the document, in the form of Exhibit "A" attached

20   hereto, prior to the disclosure of Confidential Material to such

21   person.  At the conclusion of the case, counsel for all parties

22   shall provide opposing counsel copies of all Confidentiality

23   Agreements executed pursuant to this Order, except for

24   undisclosed consultants.

25

26   10.  In the event that Confidential Material are used in any

27   court proceeding in this action, other than trial, they shall not

28   lose their confidential status through such use, and the parties

Law Offices
Marc J. Wodin

7

STIPULATED PROTECTIVE ORDER

1    will cooperate in taking reasonable steps to protect their

2    confidentiality during such use.  This Order shall not be deemed

3    a waiver of any party's right to object to the production,

4    disclosure or admissibility of Confidential Material or the

5    taking of any testimony or other evidence on any basis other than

6    their confidential status pursuant to this Order.

7

8        11.  This Order shall continue to be binding after the

9    conclusion of this litigation. However, a party may seek written

10   permission of the opposing parties or further order of the Court

11   with respect to dissolution or modification of this Order at any

12   time.

13

14       12.  Within thirty (30) days after conclusion of this case,

15   counsel shall assemble and return to the other counsel all copies

16   of Confidential Material in their possession and in the

17   possession of any person to whom they have disseminated

18   Confidential Material, including undisclosed consultants, or may

19   destroy them.  Counsel of record for a party returning or

20   destroying Confidential Material will verify that same has been

21   accomplished and will verify that no other such Confidential

22   Material exists in the custody, control or possession of that

23   party, its counsel, its agents or any consultants, whether or not

24   disclosed.  Counsel may retain copies of briefs filed with the

25   Court and attorney work product so long as maintained in

26   accordance with this Order.

27

28       13.  All documents marked "CONFIDENTIAL" will be treated as

Law Offices
Marc J. Wodin

8

STIPULATED PROTECTIVE ORDER

Confidential Material until a court orders or the parties agree
otherwise.

14.   Nothing in the foregoing provisions of this Order
shall:

    A.   limit any party in the introduction of Confidential
Material into evidence, subject to the designating party's
right to seek protection from the court;

    B.   prevent a party from objecting to discovery which
it believes to be improper; or

    C.   limit any party's disclosure or use of Confidential
Material that were produced by that party.

    D.   constitute an admission by a party that material
designated confidential by another party, is, in fact,
confidential or limit a party's right to assert such
materials are not confidential.

15.   Any Confidential Material that was or is inadvertently
produced without a "CONFIDENTIAL" stamp on it or that was
previously produced in anticipation of the entry of this
Protective Order, may be designated as confidential by a writing
to the receiving party that identifies the documents intended to
be confidential.

16.   If any party is served with a subpoena to produce
Confidential Material, or ordered by the Court to do so, the
party shall give immediate written notice to the non-subpoenaed
party to allow the non-subpoenaed party to seek protection by the

1    Court or appointed discovery referee.

2

3        17.  The parties and all third parties subject to discovery

4    in this action or who receive a copy of this Order, hereby

5    consent to the jurisdiction of this Court for the purpose of

6    enforcement of the provisions of this Order with respect to this

7    action, and the Court hereby retains jurisdiction to interpret

8    and enforce this Order under the laws of the United States of

9    America.  Confidential Material may be shown to trial witnesses

10   and their attorneys, if any, at trial, whether or not counsel has

11   first obtained an agreement with the trial witness or his or her

12   attorney(s) to hold such material confidential, as such trial

13   witnesses shall be bound by this Order.

14

15       18.  The parties and their respective attorneys are in

16   agreement concerning the above terms of this Stipulated

17   Protective Order as acknowledged hereafter by the signatures of

18   the attorneys for the parties, and have requested the Court to

19   enter this Stipulated Protective Order.

20   DATED: February 6, 2006          LAW OFFICES OF MARC J. WODIN

21

22                                    By: _____
                                             /s/ MARC J. WODIN
23                                    Attorneys for Defendant CONSECO
                                      HEALTH INSURANCE COMPANY

24

25   DATED:                           FRIEDMAN, RUBIN & WHITE, LLP

26
                                            /s/
27                                    By:_____
                                            MICHAEL WHITE
                                      Attorney for Plaintiff ANITA D.
28                                    PARATLEY

1  DATED:  February 4, 2006

2
                                    By:_____/s/_____
3                                            RICHARD A. SELTZER
                                        Attorney for Plaintiff ANITA D.
4                                       PARATLEY

5

6

7

8                                 **ORDER**

9      Upon due consideration of the Stipulated Protective Order,

10  IT IS HEREBY ADOPTED AS ORDER OF THIS COURT, with the exceptions that (1) if
    only a portion of a document a party seeks to file under seal includes confidential matter, the
11  filing party must comply with Civil Local Rule 79-5(c); and (2) upon dismissal or entry of final
12  ~~DATED:~~ judgment, the Clerk of the Court shall not return to the filing party any documents
    filed under seal, see Civil Local Rule 79-5(f).
13
    DATED: February 8, 2006.
14
                                    _____
15                                  THE HONORABLE MAXINE M. CHESNEY
                                    DISTRICT JUDGE OF THE UNITED
16                                  STATES DISTRICT COURT for the
                                    NORTHERN DISTRICT OF CALIFORNIA
17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
Marc J. Wodin
                                     _____11_____
                          STIPULATED PROTECTIVE ORDER