United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    ANITA D. PARATLEY,                              No. C-05-4312 MMC

12              Plaintiff,                            **ORDER DENYING PLAINTIFF'S MOTION
         v.                                          TO FILE PARTIAL SUMMARY
13                                                   JUDGMENT MOTION UNDER SEAL;
      CONSECO HEALTH INSURANCE                       DIRECTIONS TO PLAINTIFF**
14    COMPANY,

15              Defendant
      _____/
16

17        Before the Court is plaintiff Anita D. Paratley's ("Paratley") Motion to File Partial

18    Summary Judgment Motion Under Seal, filed October 13, 2006.  Defendant, the party who

19    designated as confidential some of the exhibits offered in support of plaintiff's motion for

20    partial judgment, has submitted a declaration in support of plaintiff's motion.  Having

21    reviewed defendant's declaration,[1] the Court rules as follows.

22        A party seeking to file under seal a document offered in connection with a dispositive

23    motion must "articulate compelling reasons supported by specific [facts]" in order to

24    overcome the presumption that court records should be publicly filed.  See Kamakana v.

25    City and County of Honolulu, 447 F. 3d 1172, 1178 (9th Cir. 2006); see also id. at 1179

26    (holding publication of documents that "may lead to a litigant's embarrassment,

27    _____

28        [1]In her motion, plaintiff indicates she does not support sealing of any portion of her
      motion.  In light of defendant's having designated certain exhibits as confidential, however,
      plaintiff filed the instant motion to seal.

1   incrimination, or exposure to future litigation will not, without more, compel the court to seal

2   its records").

3        Defendant argues that Exhibits 11, 15, 16, and 17, offered by plaintiff in support of

4   her motion for partial summary judgment, should be filed under seal, on the asserted

5   ground that each such exhibit "relates to" material defendant considers to be "sensitive and

6   trade secret." (See Duncan Decl. ¶ 5.)  Defendant, however, has not offered the requisite

7   specific facts necessary to support a finding that the exhibits relate to trade secrets, see

8   Kamakana, 447 F. 3d at 1178; instead, defendant has offered only a conclusory statement

9   to that effect.[2]

10       Accordingly, the motion for an order to file plaintiff's motion for partial summary

11  judgment, or portions thereof, under seal is hereby DENIED.

12       Plaintiff is hereby DIRECTED to electronically file her motion no later than three

13  court days from the date of this order.  See Civil L.R. 79-5(e) (providing submitting party

14  must, within three days of order denying request to file document under seal, publicly file

15  such document in order to have it considered).

16       **IT IS SO ORDERED.**

17

18  Dated: November 3, 2006

19  MAXINE M. CHESNEY
    United States District Judge

20

21

22

23  _____

24      [2]The subject exhibits generally identify medical services defendant will not cover
    under certain provisions of its policies.  How such information would be "secret" is unclear;

25  when a claim for coverage pertaining to such services is denied, defendant's denial of such
    a claim would inform the claimant of defendant's interpretation of its policy.  Further,

26  defendant cites no authority, and the Court has located none, providing that an insurer's
    interpretation of a policy term is a trade secret.  Finally, defendant has not sought to seal

27  those portions of plaintiff's memorandum of points and authorities that discuss, paraphrase,
    and/or quote the content of Exhibits 11, 15, 16, and 17.  Thus, even if the Court were to

28  seal the subject exhibits, such sealing would essentially be an idle act because the content
    would be publicly disclosed in any event.